**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH RAY BRADFORD**                                                    **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                                    **NO. 12-0427-BAJ-DLD**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 19, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH RAY BRADFORD**                                                    **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                          **NO. 12-0427-BAJ-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate incarcerated at the Rayburn Correctional Center ("RCC"), Angie, Louisiana, filed this action, purportedly as a Complaint for Declaratory Relief and Conversion of Property against Secretary James LeBlanc, RCC Warden Robert Tanner, and Clerk of Court Doug Welborn of the 19th Judicial Court for the Parish of East Baton Rouge, State of Louisiana. The plaintiff invokes both the diversity and the federal subject matter jurisdiction of this Court, citing Section 349(a) of the Immigration and Nationality Act, 8 U.S.C. § 1481(a), the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, et seq., 28 U.S.C. §§ 1331 and 1332, 18 U.S.C. § 1116(2), (3) and (4), and the United States Constitution. The plaintiff alleges, variously, that he is a "sovereign state", a "foreign official", a "member of the Republic of Louisiana," and an "internationally protected person", and he complains that the defendants have refused to recognize him as such. He also asserts that he has perfected a "security interest" under the Uniform Commercial Code in his criminal case, No. 04-02-0050 on the Docket of the Nineteenth Judicial District Court, that he has thereby become the owner of the referenced criminal case, and that the property should be released to him and purged from the records of the state court. Finally, pursuant to a supplemental pleading, see rec.doc.no. 19, the plaintiff seeks the institution of criminal proceedings against the defendants, asserting the violation of various federal criminal statutes relative to assault on a foreign official, kidnaping of a foreign official or internationally protected person, and harming property belonging to a foreign official or government.

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action brought by a prisoner against a governmental entity or officer or employee of a governmental entity if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). Such an action is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915:. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915A dismissal may be made at any time, before or after service of process and before or after an answer is filed. See Green v. McKaskle, supra.[1]

From a review of the plaintiff's Complaint, as amended, it appears that he is currently confined and is serving a criminal sentence entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. He asserts that in June, 2007, he executed a formal "Declaration and Certificate of Sovereign Status" and a "Formal Sovereign Oath of Renunciation," pursuant to which he has purportedly renounced his American citizenship in

---

[1]    Defendant Doug Welborn has filed a Motion to Dismiss in this case, rec.doc.no. 15, and there are several pending motions filed by the plaintiff herein. In light of the Court's conclusion that the instant lawsuit should be dismissed as legally frivolous, the Court will recommend that all pending motions be denied as moot.

accordance with 8 U.S.C. § 1481(6) and has become an independent "foreign sovereign" and a "member of the Republic of Louisiana". He invokes the diversity jurisdiction of this Court as well as federal subject matter jurisdiction, citing both 28 U.S.C. §§ 1331 and 1332, and he contends that this action is subject to review as involving the claim of a foreign state, citing 28 U.S.C. § 1602, et seq., and 18 U.S.C. § 1116(2), (3) and (4). He asserts that he has renounced his United States citizenship in accordance with 8 U.S.C. § 1481(a), and he seeks to be recognized as a "sovereign state", an "internationally protected person" and "a member of the Republic of Louisiana." He further asserts that he has recorded and perfected with the Louisiana Secretary of State a security interest in "property" which he describes as being Case No. 04-02-0050 on the Docket of the Nineteenth Judicial District Court, the case number assigned to his criminal prosecution. As a result, he contends that he is now the owner of such "property", but the state court has allegedly refused to release this "property" to him and to have such "property" removed from the state court docket. Finally, he asserts that his continued confinement is the result of the violation of several federal criminal statutes, including 18 U.S.C. § 112 (prohibiting assault on a foreign official), 18 U.S.C. § 970 (prohibiting injury to property belonging to a foreign government or foreign official), and 18 U.S.C. § 1201 (prohibiting the kidnaping of a foreign official or internationally protected person), and he seeks the institution of criminal proceedings against the defendants.[2]

The plaintiff is not entitled to the relief requested. In the first place, there is no basis for the invocation of diversity jurisdiction in this case. Pursuant to 28 U.S.C. § 1332, federal district courts have jurisdiction over civil actions which are between citizens of different states or between a citizen of a state and a foreign national or sovereign and which involve amounts in controversy exceeding $75,000.00. Notwithstanding, although the plaintiff asserts that he is a foreign sovereign, a foreign

---

[2] The plaintiff has made similar claims in two prior lawsuits filed in this Court, one of which was dismissed as legally frivolous, see Kenneth Ray Bradford v. James LeBlanc, et al., Civil Action No. 11-0312-BAJ-CN, and the second of which was voluntarily dismissed by the plaintiff after the issuance of a Magistrate Judge's Report recommending dismissal as frivolous, see Kenneth Ray Bradford v. Louisiana Department of Corrections, et al., Civil Action No. 11-0750-JJB-CN.

official, and a member of the "Republic of Louisiana", and although he alleges to have executed a formal Declaration to this effect, along with an "Oath of Renunciation," renouncing his United States citizenship, it appears clear to this Court that these documents are of no legal effect and that the plaintiff remains a citizen of the United States and of the State of Louisiana. Specifically, although 8 U.S.C. § 1481(a) allows a United States citizen to voluntarily renounce his citizenship, the record does not reflect that the plaintiff has complied with or is able to comply with the terms thereof. Although he refers to subsection (a)(2) of that statute, that subsection is available only to people living outside the United States. Specifically, 8 U.S.C. § 1483(a), provides that, "[e]xcept as provided in paragraphs (6) and (7) of section 1481(a) ... no national of the United States can lose United States nationality ... while within the United States ...." And although paragraph (a)(6) of the referenced statute allows a declarant to make a formal renunciation of nationality, this paragraph applies only when the United States is in a state of war and when the Attorney General has approved such renunciation upon a determination that the renunciation is not contrary to the interests of national defense. See 8 U.S.C. § 1481(a)(6). Further, the plaintiff does not suggest that paragraph (a)(7) is applicable inasmuch as that paragraph requires an act of treason, an attempt to overthrow the United States government, or the bearing of arms against the United States. See 8 U.S.C. § 1481(a)(7). Thus, considering the plaintiff's current state of incarceration, it does not appear that he has the capacity to renounce his citizenship under 8 U.S.C. § 1481(a). See, e.g., Hood v. United States, 2011 WL 6440511 (M.D. Ala, Dec. 2, 2011) (concluding that "there is no way for Plaintiff to formally renounce his citizenship while he is incarcerated"); Duncan v. United States Department of State, 2008 WL 4821323 (W.D. Va., Oct. 30, 2008) (holding that an incarcerated inmate "has no entitlement to renounce his citizenship at this time under § 1481(a), because he cannot meet statutorily mandated conditions for doing so"); Davis v. United States, 2008 WL 1819928 (W.D. La., March 28, 2008) (same). Accordingly, the plaintiff's contention that he has renounced his United States citizenship and is a foreign sovereign is unavailing, and inasmuch as this lawsuit therefore involves a claim by and between Louisiana citizens, this Court

does not have diversity jurisdiction to consider the plaintiff's claims.  See Thompson v. Dodge, 2011 WL 2413108 (W.D. Mich., June 14, 2011) (holding that diversity jurisdiction was not present where the plaintiff claimed to be a "citizen of the Republic of Michigan").

Turning to the plaintiff's invocation of federal subject matter jurisdiction, the Court concludes that this invocation fares no better.  Specifically, inasmuch as the Court has found that the plaintiff is not entitled to be recognized as a foreign national or a sovereign entity, he may not seek to invoke the jurisdiction of this Court by asserting that this case involves a claim by a "foreign state" within the meaning of 28 U.S.C. § 1602, et seq. (which provides for federal subject matter jurisdiction in such instances).  Accordingly, there is no basis for the Court's exercise of federal jurisdiction under this statute.  Further, to the extent that the plaintiff's Complaint may be interpreted as relying upon 42 U.S.C. § 1983 as a vehicle for asserting an alleged violation of his constitutional civil rights, the Court finds that the plaintiff fails to state a claim in this regard as well.  Specifically, he makes no reference to any specific constitutional right which he asserts has been violated, and his claim that he has, by merely executing and recording a document which purports to be a security agreement and lien, become the owner of his criminal proceedings, "is without an arguable basis in law, [is] clearly delusional, and [is] patently incorrect."  See Ali v. Bragg, 2008 WL 5683432 (W.D. Tex., Dec. 23, 2008).  Accordingly, the plaintiff fails to state a claim relative to the violation of his constitutional civil rights.

Finally, the plaintiff, through the filing of a supplemental pleading, seeks to have criminal proceedings instituted against the defendants for their alleged wrongful conduct in maintaining him in custody in a state correctional institution and in failing to expunge his criminal conviction.  Neither the plaintiff nor this Court, however, has the authority to commence a criminal prosecution.  See Lopez v. Robinson, 914 F.2d 486 (4th Cir. 1990), citing Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Further, prosecutorial discretion does not reside in the judicial branch, and the decision whether or not to

prosecute, and what charges to file or bring, generally rests within the sole discretion of the federal or state prosecutor. Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Accordingly, the plaintiff is not entitled to the relief requested.

In conclusion, it appears clear to this Court that what the plaintiff is really seeking to achieve in this case is the overturning of his criminal conviction and his release from confinement. In this regard, however, "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Accordingly, the plaintiff in this case, in order to obtain the relief desired, is limited to the filing of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Myers v. Michigan, 2010 WL 1507617 (W.D. Mich., April 14, 2010) (holding that plaintiff, who claimed to be a "sovereign American ... but not a United States citizen", and who sought release from custody based upon a purported "security agreement", could obtain release only through a writ of habeas corpus); Cottenham v. Michigan, 2010 WL 1254554 (W.D. Mich., March 29, 2010) (same). The plaintiff is further advised that, should he wish to pursue habeas corpus relief, he must first exhaust his remedies through the courts of the State of Louisiana, and he must include in his habeas application all potential claims which he may have.

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A, without prejudice to the plaintiff's right to seek habeas corpus relief under 28 U.S.C. § 2254.[3] It is further

---

[3] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

recommended that all pending motions in this case be denied as moot.

Signed in Baton Rouge, Louisiana, on September 19, 2012.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**